Barone v. Comm'r
Docket No. 5038-08
United States Tax Court
2012 U.S. Tax Ct. LEXIS 54; March 6, 2012, Entered
*54 For Daren J. Barone, Primary Petitioner: Ernest Scribner Ryder, Richard V. Vermazen, San Diego, CA; Lauren A. Rinsky, Palo Alto, CA; Steven Richard Toscher, Lacey E. Strachan, Hochman, Salkin, Rettig, etc., Beverly Hills, CA.
For Colleen R. Barone, Primary Petn Spouse Diff Name: Ernest Scribner Ryder, Richard V. Vermazen, San Diego, CA; Lauren A. Rinsky, Palo Alto, CA; Steven Richard Toscher, Lacey E. Strachan, Hochman, Salkin, Rettig, etc., Beverly Hills, CA.
For Commissioner of Internal Revenue, Respondent: Monica D. Polo, San Diego, CA.
Harry A. Haines, Judge.
Harry A. Haines
ORDER AND DECISION
On January 5, 2011, the Court filed petitioners' motion for summary judgment in the above-docketed case. On March 10, 2011, the Court filed respondent's opposition to petitioners' motion for summary judgement. On February 29, 2012, the Court issued an order in error granting petitioners' motion for summary judgment. That order must be vacated and set aside.
A decision granting summary judgment may be rendered if the pleadings and other materials in the record show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. & Subs. v. Commissioner. 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). We have considered *55 the pleadings and other materials in the record and conclude that there is no genuine issue of any material fact and that a decision may be rendered as a matter of law.
On October 7, 2009, the Court filed petitioners' motion to dismiss in the above-docketed case. On November 4, 2009, the parties held a hearing with respect to petitioners' motion to dismiss. In that hearing, respondent took the position that this Court had jurisdiction to hear this case because petitioner Daren J. Barone (Barone) made a valid election to treat partnership items from WB Partners as non-partnership items under section 6223(e)(3)(B). Respondent argued that Barone was an indirect partner of WB partners because both the S corporation and ESOP through which he allegedly held an interest in WB Partners were "pass-thru partners" pursuant to section 6231(a)(9). Respondent also conceded that the ESOP was not a sham. Respondent's memorandum brief with respect to the motion to dismiss stated that if the Court were to determine that the section 6223(e)(3)(B) election was invalid, then all of adjustments for 2003 would be outside of the Court's jurisdiction, In other words, there are no non-partnership items in dispute for 2003.
On April 22, 2010, the Court issued an order *56 denying with respect to 2003 and granting with respect to 2004 and 2005 petitioners' motion to dismiss. Citing Abelein v. United States, 323 F.3d 1210 (9th Cir. 2003), we held that Barone made a valid speculative election for 2003 to treat partnership items from WB Partners as non-partnership items under section 6223(e)(3)(B). We did not pass judgment on the issue of whether Barone was a partner of WB Partners in 2003.
In WB Acquisition, Inc. & Subs. v. Commissioner. T.C. Memo 2011-36, a related case, we held that Barone was not a direct partner of WB Partners. Rather, Barone was the lone participant in a valid ESOP that was the sole shareholder of a valid S corporation that held a 50% interest in WB Partners in 2003. Petitioners' motion for summary judgement argues that because Barone was not a partner of WB Partners, his section 6223(e)(3)(B) election is meaningless, and there are no partnership items attributable to Barohe to convert to non-partnership items. As a result, no issues remain for trial.
Respondent's opposition to petitioners' motion for summary judgment states that the substantive issue in this case is whether petitioners "received unreported taxable income". Respondent argues that this issue is not determinative on our decision in WB Acquisition that Barone was not a direct partner in WB Partners in 2003. Additionally, respondent *57 refers to the "constructive dividend and/or compensation income" issues set forth in petitioners 2003 notice of deficiency. However, respondent does not provide any explanation of whether these issues gave rise to partnership or non-partnership items. Respondent also does not expressly argue his previously stated position that Barone was an indirect partner of WB partners because both the S corporation and ESOP are "pass-thru partners" pursuant to section 6231(a)(9). Nonetheless, because respondent has previously taken this position, and appears to infer it again here, we are compelled to address its merits.
Where no issue of amount or allocation of partnership income is involved, as is here, determining the true partners of a partnership is properly considered at a partner-level proceeding. Grigoraci v. Commissioner, T.C. Memo. 2002-202. Section 6231(a)(2)(B) provides that a "partner" includes any "person whose income tax liability under subtitle A is determined in whole or in part by taking into account directly or indirectly partnership items of the partnership". An "indirect partner" is a person holding an interest in a partnership through one or more pass-thru partners. Sec. 6231(a)(10). Section 6231(a)(9) provides that the term "pass-thru partner" means a "partnership, estate, trust, S corporation, *58 nominee, or other similar person through whom other persons hold an interest in the partnership..."
In Weekend Warrior Trailers, Inc. v. Comm'r, T.C. Memo. 2011-105, we examined the legislative history of ESOPs as S corporation shareholders, stating:
In 1996 Congress expanded the definition of a small business corporation to allow certain tax-exempt organizations to own S corporation stock. See Small Business Job Protection Act of 1996, Pub.L. 104—188, sec. 1316(a), 110 Stat. 1785; see also Taproot Admin. Servs., Inc. v. Commissioner. [133 T.C. 202, 205 (2009)]. Section 1361(c)(6) now permits qualified pension, profit-sharing, and stock bonus plans (within the meaning of section 401(a)) and exempt organizations (within the meaning of section 501(a) and (c)(3)) to hold S corporation stock. See also Taproot Admin. Servs., Inc. v. Commissioner, supra at 205 n. 5. In expanding the list of eligible shareholders in this manner, Congress intended to encourage employee ownership of closely held businesses and to facilitate the establishment of ESOPs by S corporations. S. Rept. 104—281, at 60—61 (1996); see also S. Prt. 107—30, at 123 (2001).
We further held that "as a consequence of ESOPs holding shares in S corporations, S corporation profits may generally escape current taxation." Id. Accordingly, an ESOP is not a "pass-thru partner" pursuant to section 6231(a)(9).
In the instant case, the parties do not dispute the legitimacy of the ESOP.[1] Because *59 the ESOP is not a "pass-thru partner" pursuant to section 6231(a)(9), the profits of the S corporation in 2003 would not be taxed unless a distribution was made to Barone as the ESOP participant. Respondent has not presented any evidence of a distribution from the ESOP to Barone in 2003. There are no material facts in dispute and respondent has failed to show that petitioners' received unreported taxable income. Therefore, a decision may be entered for petitioners as a matter of law.
Upon due consideration, it is
ORDERED that the Court's order granting petitioners' motion for summary judgment, dated February 29, 2012, is vacated and set aside. It is further
ORDERED that petitioners' motion for summary judgment is granted. It is further
ORDERED AND *60 DECIDED that there is no deficiency in income tax or penalty under section 6662(a) due from, and no overpayment due to, petitioners for the tax year 2003.
(Signed) Harry A. Haines
Judge
ENTERED: MAR-6 2012
Footnotes
1. In 2001, Congress addressed concerns regarding ownership structures involving S corporations and ESOPs, enacting section 409(p) to limit the tax benefits of ESOPs maintained by S corporations to situations where the ESOP provides meaningful benefits to rank-and-file employees. See Economic Growth and Tax Relief Reconciliation Act of 2001, Pub. L. 107-16, sec. 656(a), 115 Stat. 131. However, section 409(p) is only effective for ESOPs created after March 14, 2001. See id. sec. 656(d), 115 Stat. 135↩. The ESOP at issue here was created on September 13, 2000.